UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LIWEI AN<br><br>              Plaintiff,<br>v.<br><br>ALEJANDRO MAYORKAS, *et al.*,<br><br>              Defendants. | Civ. Action No. 21-385 (EGS) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Liwei An ("Mr. An"), brings this lawsuit against Alejandro Mayorkas, Secretary of the U.S. Department of Homeland Security; Tracy Renaud, Acting Director of the U.S. Citizenship and Immigration Services; Sarah Kendall, Chief, Immigrant Investor Program Office; and the U.S. Citizenship and Immigration Services ("USCIS") (collectively "Defendants") pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 706; and the Mandamus Act, 28 U.S.C. § 1361; seeking a writ of mandamus and/or an order pursuant to the APA requiring Defendants to adjudicate his I-526 petition within 30 days. *See generally* Compl., ECF No. 1.

Pending before the Court is Defendants' Motion to Dismiss. *See* ECF No. 6. Upon careful consideration of the motion, the opposition and reply thereto, and the applicable law, Defendants' Motion to Dismiss is **DENIED**.

1

**I.    Background**

The Immigration and Nationality Act ("INA") authorizes the United States to issue visas to certain qualified immigrants. *See* Pub. L. No. 101-649 § 121(a) (codified as 8 U.S.C. § 1153(b)(5)(1990)). In 1990, Congress created the EB-5 Visa Program as one of five categories of employment-based immigration preferences to "create new employment for U.S. workers and to infuse new capital into the country." S. Rep. No. 101-55, at 21 (1989). To be eligible for an EB-5 visa, an alien must "invest[]" a certain amount of "capital" in a "commercial enterprise" to "benefit the United States economy and create full-time employment for not fewer than [ten] United States citizens or aliens lawfully admitted . . . ." 8 U.S.C. § 1153(b)(5)(A). An alien investor must generally invest $1,000,000 of "capital" into a new commercial enterprise, but in economically depressed areas, or "targeted employment areas," the required amount of capital may be reduced to $500,000. *Id.* § 1153(b)(5)(C); 8 C.F.R. §204.6(f) (regulating the "required amounts of capital"). Aliens who meet these requirements may file a Form I-526 petition. 8 U.S.C. § 1202(a); 8 C.F.R. § 204.6(a).

Mr. An, a native and citizen of China, filed an I-526 petition on July 16, 2015. Compl., ECF No. 1 ¶ 18. As of the filing of the Complaint on February 12, 2021, Mr. An's petition

2

was pending with no action from Defendants. *Id*. However, on April 13, 2021, Defendant USCIS issued a request for evidence ("RFE") seeking additional information from Mr. An. Plaintiff's Opp'n, ("Opp'n"), ECF No. 6 at 3.

## II. Standard of Review

"A federal district court may only hear a claim over which [it] has subject matter jurisdiction; therefore, a Rule 12(b)(1) motion for dismissal is a threshold challenge to a court's jurisdiction." *Gregorio v. Hoover*, 238 F. Supp. 3d 37 (D.D.C. 2017) (citation and internal quotation marks omitted). To survive a Rule 12(b)(1) motion, the plaintiff bears the burden of establishing that the court has jurisdiction by a preponderance of the evidence. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, (1992). Because Rule 12(b)(1) concerns a court's ability to hear a particular claim, "the court must scrutinize the plaintiff's allegations more closely when considering a motion to dismiss pursuant to Rule 12(b)(1) than it would under a motion to dismiss pursuant to Rule 12(b)(6)." *Schmidt v. U.S. Capitol Police Bd.*, 826 F. Supp. 2d 59, 65 (D.D.C. 2011) (citations omitted). In so doing, the court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff, but the court need not "accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual

allegations." *Rann v. Chao*, 154 F. Supp. 2d 61, 64 (D.D.C. 2001).

"Federal Courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983). "A motion to dismiss for mootness is properly brought under Rule 12(b)(1) because mootness itself deprives the court of jurisdiction." *Indian River County v. Rogoff*, 254 F. Supp. 3d 15, 18 (D.D.C. 2017). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (internal quotation marks omitted). "This occurs when, among other things, the court can provide no effective remedy because a party has already obtained all the relief that [it has] sought." *Conservation Force v. Jewell*, 733 F.3d 1200, 1204 (D.D.C. 2013) (internal quotation marks and citation omitted).

**III. Analysis**

**A. Mr. An's Claim Is Not Moot**

Defendants, citing persuasive authority, argue that because the RFE has been issued, "there is no lack of action, which renders moot any controversy over USCIS's pace of processing whether analyzed under the APA or the Mandamus Act" and so the

Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). Mot. to Dismiss, ECF No. 5 at 10-11.[1] Mr. An responds that his claim is not moot because what he seeks is a final decision on his petition, which has not yet occurred, Opp'n, ECF No. 6 at 5; and so the "controversy over the pace at which Defendants are processing [Mr. An's] petition" are not moot, *id.* at 8.

The Court is persuaded that Mr. An's claims are not moot despite the issuance of the RFE. The Court recognizes that there is persuasive authority that holds that the issuance of an RFE moots an action to compel adjudication of an immigration petition. *See Xu v. Nielsen*, Civ. A. No. 18-2048, 2018 WL 2451202, at *1 (E.D.N.Y. May 31, 2018) ("Because there is a Request for Evidence pending, there is no role for the Court."); *Lin v. Johnson*, Civ. A. No. 19-2878, 2019 WL 3409486, at *1 (E.D.N.Y. July 29, 2019) (dismissing mandamus case as moot when USCIS issued an RFE after plaintiff filed complaint); *see also Ye*, 2017 WL 2804932, at *2 (same); *Lu v. Sessions*, Civ. A. No. 18-1713, 2018 WL 2376304, at *1 (E.D.N.Y. May 24, 2018) ("In sending the RFE, USCIS has acted in response to plaintiff's [immigration] application, and this action is now moot.").

---

[1] When citing electronic filings throughout this Opinion, the Court cites to the ECF page number, not the page number of the filed document.

Here, however, Mr. An alleges that Defendants have failed to adjudicate his petition within a reasonable time. *See* Compl., ECF No. 1 ¶¶ 80, 84, 85. "The standard by which the Court reviews agency 'inaction' under the Mandamus Act, 28 U.S.C. § 1361, is the same standard applied to claims under § 706(1) of the APA." *Desai v. USCIS*, No. 20-cv-1005 (CKK), 2021 WL 1110737, at *8 (D.D.C. Mar. 21, 2021). The reasonableness of a delay in agency adjudication is determined with reference to the factors set forth in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1984) ("*TRAC*"). The *TRAC* factors are:

> (1) the time agencies take to make decisions must be governed by a "rule of reason"; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.'"

*In re United Mine Workers of Am. Int'l Union*, 190 F.3d 545, 549 (D.C. Cir. 1999) (quoting *TRAC*, 750 F.2d at 80 (citations omitted)).

Defendants did not move to dismiss on the alternative ground that the delay is reasonable, *see generally* Mot. to Dismiss, ECF No. 5; rather Defendants raised the *TRAC* factors in their Reply briefing, *see generally* Reply, ECF No. 7. However, the precedent in this Circuit is that courts should not address arguments raised for the first time in a reply brief, and the Court declines to do so here. *See, e.g.*, *McBride v. Merrell Dow & Pharm.*, 800 F.2d 1208, 1211 (D.C. Cir. 1986) ("Considering an argument advanced for the first time in a reply brief ... is not only unfair to [a defendant], but also entails the risk of an improvident or ill-advised opinion on the legal issues tendered." (citation omitted)); *Conservation Force v. Salazar*, 916 F. Supp. 2d 15, 22 (D.D.C. 2013), *aff'd* 699 F.3d 538 (D.C. Cir. 2012) (forfeiting an argument made for the first time in a reply brief); *see also Jones v. Mukasey,* 565 F. Supp. 2d 68, 81 (D.D.C. 2008) (holding that D.C. precedent consistently submits that courts should not address arguments raised for the first time in a party's reply).

Since what remains at issue is whether USCIS's more than six-year delay in adjudicating Mr. An's petition is reasonable, the issuance of the RFE does not render his claim moot because he has not "already obtained all the relief that [he has] sought." *Conservation Force,* 733 F.3d at 1204.

**IV. Conclusion and Order**

    For the reasons explained above, it is

    **ORDERED** that Defendants' Motion to Dismiss, ECF No. 6, is **DENIED**.

    **SO ORDERED.**

**Signed:**    **Emmet G. Sullivan**
              **United States District Judge**
              **February 22, 2022**